**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 29, 2015

LETTER TO COUNSEL

      RE:    *Donald C. Rapp, Jr. v. Commissioner, Social Security Administration*;
                Civil No. SAG-14-3103

Dear Counsel:

      On October 2, 2014, Plaintiff Donald C. Rapp, Jr. petitioned this Court to review the Social Security Administration's final decisions to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Mr. Rapp's reply memorandum. (ECF Nos. 20, 23, 27). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Rapp protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 15, 2011. (Tr. 118-19, 228-44). He alleged a disability onset date of September 1, 2009. (Tr. 228, 253). His claims were denied initially and on reconsideration. (Tr. 149-61, 164-77). A hearing was held on September 23, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 42-97). Following the hearing, the ALJ determined that, with respect to his SSI claim, Mr. Rapp was not disabled within the meaning of the Social Security Act between his alleged onset date and his 55th birthday, September 10, 2013, and that he became disabled beginning on that date. (Tr. 23-36). The ALJ failed to adjudicate Mr. Rapp's DIB claim, however, and the Appeals Council ("AC") issued a decision adopting the ALJ's findings with respect to Mr. Rapp's SSI claim and applying them to his DIB claim. (Tr. 1-8). Thus, the AC determined that Mr. Rapp was not entitled to DIB because was not disabled prior to his date last insured, December 31, 2011. *Id.* The AC denied Mr. Rapp's request for review of his SSI claim. (Tr. 9-13). Therefore, the ALJ's decision constitutes the final, reviewable decision of the agency with respect to Mr. Rapp's SSI claim, and the AC order constitutes the final, reviewable decision of the agency with respect to Mr. Rapp's DIB claim.[1]

---

[1] Because the AC adopted all of the substantive findings in the ALJ's hearing decision, only that decision is discussed below. The discussion, however, pertains to both claims.

*Donald C. Rapp, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-14-3103
June 29, 2015
Page 2

The ALJ found that Mr. Rapp suffered from the severe impairments of osteoarthritis, arthritis, dupuythrn's contracture of the hands, carpal tunnel syndrome, plantar fasciitis, and bipolar disorder. (Tr. 29). Despite these impairments, the ALJ determined that Mr. Rapp retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) that does not require climbing ladders, ropes or scaffolds; nor more than occasional pushing and pulling with both upper extremities, crawling and climbing ramps/stairs; nor more than frequent balancing, crouching, kneeling, and stooping; is limited to work that does not require more than frequent fingering – that is, fine manipulation of items no smaller than the size of a paper clip nor more than frequent handling of objects – that is, gross manipulation; nor more than a concentrated exposure to extreme cold, wetness, vibration, and hazards; and further limited to work that is simple as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks.

(Tr. 31). After considering the testimony of a vocational expert ("VE"), the ALJ determined that prior to his 55th birthday, Mr. Rapp could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled until that date. (Tr. 34-35).

Mr. Rapp raises several arguments on appeal: (1) that the ALJ erred in relying upon the VE's testimony because the hypothetical posed to the VE was deficient; (2) that the ALJ erred by failing to adopt all of the limitations set forth in Dr. Pezeshki's opinion, despite assigning that opinion "significant weight"; and (3) that the ALJ erred in assessing Mr. Rapp's ability to handle and finger. Because I agree that both the hypotheticals posed to the VE as well as the RFC assessment upon which they were based were deficient, remand is necessary. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Mr. Rapp is not disabled is correct or incorrect.

Mr. Rapp first argues that remand is warranted because the hypothetical the ALJ posed to the VE did not include the limitation to simple, routine, and repetitive tasks in Mr. Rapp's RFC assessment. In response, the Commissioner concedes that the ALJ's decision ultimately relied on VE testimony elicited in response to a hypothetical question that did not include all of the limitations in Mr. Rapp's RFC assessment. The Commissioner contends, however, that the ALJ's error was harmless, because the ALJ posed another hypothetical to the VE that was "consistent with the ALJ's RFC finding and included more restrictive limitations." I need not determine whether the ALJ's error was harmless, because neither hypothetical—nor, for that matter, the RFC with which the hypothetical should have corresponded—included limitations accounting for the ALJ's determination at step three of the sequential evaluation that Mr. Rapp suffered from "moderate difficulties in maintaining concentration, persistence or pace." (Tr. 30). The Fourth Circuit recently held that that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (internal quotation marks and citations omitted) (joining the Third, Seventh, Eighth, and Eleventh Circuits). The Fourth Circuit indicated that an ALJ might cure his

*Donald C. Rapp, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-14-3103
June 29, 2015
Page 3

error by explaining why a step three finding of a moderate difficulty in concentration, persistence, or pace does not translate into a limitation in a claimant's RFC. *Id.* Like in *Mascio*, the ALJ in this case determined at step three that Mr. Rapp suffered from moderate difficulties in concentration, persistence, or pace, but in assessing Mr. Rapp's RFC, the ALJ limited him only to simple, routine, repetitive tasks. (Tr. 30-31). Yet the ALJ offered no explanation concerning either why he found a moderate difficulty at step three, or why that difficulty did not translate into a functional limitation in Mr. Rapp's RFC related to his ability to stay on task.[2] *See Mascio*, 780 F.3d at 638 ("[T]he ability to perform simple tasks differs from the ability to stay on task."). Absent any explanation regarding either determination, I am unable to meaningfully evaluate the propriety of the ALJ's RFC assessment, or any hypothetical based upon it. Thus, even if the ALJ had relied upon the VE's testimony in response to the second, more restrictive hypothetical, remand would be necessary.

Mr. Rapp argues that the ALJ erred by assigning Dr. Pezeshki's opinion "significant weight," while failing to explain why he did not adopt all of the limitations set forth therein. In particular, Mr. Rapp argues that Dr. Pezeshki's opinion regarding Mr. Rapp's inability to perform long standing or walking contradicts the ALJ's finding that he is exertionally capable of performing light work. Pl.'s Mem. 10-11. Mr. Rapp also argues that the ALJ offered an insufficient explanation regarding why he assigned greater weight to Dr. Sadler's opinion concerning his ability to handle and finger than to Dr. Surrusco's opinion concerning the same. Pl.'s Mem. 12-13. In support of his argument, Mr. Rapp contends that the ALJ should have assigned greater weight to Dr. Surrusco's opinion, which set forth greater limitations, because it was based on Dr. Pezeshki's consultative examination report. Because I am remanding on other grounds, I need not determine whether the ALJ's assessment of the physicians' opinions in this case was deficient enough to merit remand standing alone. However, after reviewing the opinions and the ALJ's assessments thereof, I am unable to ascertain why the ALJ did not credit Dr. Pezeshki's opinion regarding Mr. Rapp's ability to perform long standing or walking, which is indeed inconsistent with the exertional requirements of light work.[3] *Compare* (Tr. 376) *with* 20 C.F.R. §§ 404.1567(b), 416.967(b). Similarly, I am unable to ascertain why the ALJ determined that the record evidence best supported a limitation to frequent, rather than

---

[2] As in other cases confronted by this Court in the wake of *Mascio*, it seems entirely possible that the ALJ may have erred by finding moderate, rather than mild or no, difficulties at step three. *See, e.g., Powell v. Colvin*, Civil No. SAG-14-3233 (D. Md. Jun. 12, 2015). However, because the ALJ failed to offer any explanation in support of his finding at either step, I am unable to understand why the ALJ appears to have reached contradictory conclusions about whether Mr. Rapp does or does not have moderate difficulties with concentration, persistence, or pace, and I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. I note that the ALJ's step three application of the special technique, which includes no discussion of the reasons for his conclusion regarding each functional area would have been deficient even pre-*Mascio*. *See, e.g., Anderson v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-12-3423, 2013 WL 5302542, at *3 (D. Md. Sept. 18, 2013) (remanding for similarly deficient application of the special technique).

[3] An ALJ can certainly accord a medical opinion "significant" weight without adopting all aspects of that opinion. However, in this case the ALJ specifically noted Dr. Pezeshki's opinion that Mr. Rapp is not capable of "long standing or walking," and almost immediately thereafter stated that he afforded Dr. Pezeshki's opinion "significant weight." The ALJ thus implied that he accorded significant weight to fhat specific finding.

*Donald C. Rapp, Jr. v. Commissioner, Social Security Administration*
Civil No. SAG-14-3103
June 29, 2015
Page 4

occasional, fingering.[4]  Accordingly, on remand, the ALJ should articulate more clearly the basis for the specific limitations included in Mr. Rapp's RFC, and should identify particular evidence supporting his assignment of weight to the physicians' opinions.

For the reasons set forth herein, Mr. Rapp's Motion for Summary Judgment (ECF No. 20) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[4] Although, as the Commissioner notes, the distinction between frequent and occasional fingering might not have impacted the ALJ's decision based on the hypotheticals as posed to the ALJ, those hypotheticals and the RFC assessment on which they were based may potentially change in light of the ALJ's other errors.